AMARILLO GRAIN & COAL CO. v. KNIGHT et al.

(Court of Civil Appeals of Texas. Amarillo. June 29, 1912. Rehearing Denied Oct. 12, 1912.)

1. GUARANTY (§ 53*)—RELEASE OF GUARANTOR.

Where a party who guaranteed the payment of the price of a car load of coal which he expected the buyer to use in plowing land for him stipulated that the coal should be delivered at a certain station, and the seller knew the guarantor's relation to the transaction, the act of the seller in delivering the coal at another station under the buyer's instructions where it was received and applied by the buyer to his own purposes without the guarantor's knowledge released the guarantor.

[Ed. Note.—For other cases, see Guaranty,. Cent. Dig. § 64; Dec. Dig. § 53.*]

2. GUARANTY (§ 53*)—RIGHTS OF GUARANTOR—STRICT COMPLIANCE.

A guarantor may rely and insist upon his contract of guarantyship being strictly carried out.

[Ed. Note.—For other cases, see Guaranty,. Cent. Dig. § 64; Dec. Dig. § 53.*]

3. GUARANTY (§ 92*)—LIABILITY OF GUARANTOR—INSTRUCTION.

Where, in an action against a guarantor for the purchase price of a car load of coal

to be delivered at a certain station, it appeared that it was delivered to another station, and there received by the buyer and converted to his own purposes without the guarantor's knowledge, it was proper to instruct the jury to find for the guarantor if the plaintiff failed to properly consign the coal to the destination authorized by him, and the coal was afterwards delivered to a common carrier who carried it to a destination not authorized by the guarantor, thereby preventing him from obtaining possession of the coal.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 105, 106; Dec. Dig. § 92.*]

Appeal from Swisher County Court; W. F. Hendricks, Judge.

Action by the Amarillo Grain & Coal Company against W. H. Knight and another. From a judgment for defendants, plaintiffs appeal. Affirmed.

Cooper, Merrill & Lumpkin, of Amarillo, for appellants. F. M. Ryburn and Madden, Trulove & Kimbrough, all of Amarillo, and Martin & Zimmermann, of Tulia, for appellees.

GRAHAM, C. J. This cause originated in the county court of Potter county, Tex., by appellant, a firm composed of J. D. Thompson and W. C. Kenyon, suing appellees, Gid Jowell and W. H. Knight, for the sum of $276.75, the alleged price of a car of coal, claimed to have been sold and delivered by plaintiffs to Gid Jowell and W. H. Knight. The appellees, Gid Jowell and W. H. Knight, filed in said court their plea of privilege of being sued in Swisher county, Tex. As a result of said plea, said cause was by the county judge of Potter county, Tex., transferred to the county court of Swisher county. After the record was filed in Swisher county, W. H. Knight appears to have made no further appearance or defense, but defendant Gid Jowell filed answer in said cause alleging, in substance, that he as surety or guarantor ordered said coal for the defendant Knight within the knowledge of appellants, and on condition that same should be delivered to him by appellants at Kaffir, a station on the line of the P. & N. T. Railway Company; that, instead of so doing, said coal was by appellants, without Jowell's knowledge or consent, delivered to the defendant Knight, and that he (Gid Jowell) as a result thereof, was deprived of all benefits of said coal; further alleging that, if he was mistaken in that allegation that the railway company had under the direction of appellants delivered said coal to said Knight without his (Jowell's) knowledge or consent, or that the railway company had done so of its own volition, and was as a result thereof liable to him, said Gid Jowell, for the value of said coal and prayer was made accordingly. The P. & N. T. Railway Company, having been made a party defendant under Gid Jowell's cross-action, answered, admitting handling the coal, but alleged that it had delivered same to the defendant Knight under and by virtue of the express directions of the appellants, who were the consignors, and therefore denied liability, but prayed that, if Gid Jowell recover against it that it recover over against appellants. A trial before a jury resulted in a judgment for plaintiffs against W. H. Knight for the amount sued for and in favor of Gid Jowell as against plaintiffs and in favor of the P. & N. T. Railway Company as against Gid Jowell, from which judgment plaintiffs below alone have appealed.

The statement of facts shows: That J. D. Thompson and W. C. Kenyon composed the firm of the Amarillo Grain & Coal Company during the year 1908, and that during the fall of that year W. H. Knight, one of the defendants below, purchased or ordered a car of coal from appellants. That appellants, in turn, ordered a car of coal from Colorado. That same was consigned from Colorado to appellants at Amarillo, and that, when the car arrived at Amarillo, as Knight desired time within which to pay for same, and appellants were not inclined to deliver the coal to him under those conditions, an agent of appellants was sent to see defendant Jowell, who informed said agent that Knight had contracted to break land for him at the expense of said Knight at so much per acre, and that he (Jowell) would assist Knight to buy the coal if it was delivered to Jowell at Kaffir and used in breaking his (Jowell's) land; and to assist Knight to get the coal, Jowell gave the following written order to appellants: "November 16, 1908. W. C. Kenyon: You will please deliver to W. H. Knight at Kaffir, Texas, one carload of coal to be paid for in thirty days; if not, he agrees to pay you ten percent interest from such date until paid. Gid Jowell." That the car of coal was accordingly billed out to Gid Jowell, at Kaffir, Tex., a point on the line of the P. & N. T. Railway Company, but before it left the yards at Amarillo as a result of the directions given by Knight, without the knowledge or consent of Gid Jowell, the billing was so changed as to bill the shipment to Happy, another station on the line of the P. & N. T. Railway Company. That, when same reached Happy, the agent there refused to deliver the coal to Knight, whereupon appellants directed said agent to deliver said coal to Knight, which was done, and the same was by Knight appropriated to his own use and benefit, and Jowell received no benefit therefrom. The statement of facts also shows that Jowell had no notice or knowledge of the fact that the car had been shipped to Happy, instead of to Kaffir as he had directed, or that it had been delivered to Knight, instead of to Jowell as Jowell had directed until long after the coal had been appropriated by Knight.

[1] Under appellants' first assignment of

error, contention is made that the verdict of the jury is contrary to law and without any evidence to support it, in that it is contended that the uncontradicted evidence showed that the defendant Gid Jowell ordered by written order from plaintiffs a car load of coal, and instructed the plaintiffs to deliver the same to W. H. Knight at Kaffir, Tex., and the said W. H. Knight requested that the destination for the said car load of coal be changed to Happy, Tex., and the uncontradicted evidence shows that the said coal was received by the said W. H. Knight and delivery thus completed, and that the reasonable market value of the coal was $276.75, and that the said W. H. Knight had agreed to accept the car as a car load upon mine weights, and to pay therefor at $6.56, the agreed price of $276.75. We cannot concur in appellants' contention made under this assignment, for the reason that we think the record clearly shows that appellants, through their agent, were in possession of the fact enabling them to know that Jowell's connection with the transaction was merely that of a surety or guarantor, and, bearing this in mind, we think the written order did not warrant appellants in having the car of coal delivered to Knight at Happy, instead of Kaffir, as directed by Jowell. In other words, Jowell being a surety or guarantor and his liability being conditioned as we view it on the coal being delivered at Kaffir, when appellants saw fit to deliver the coal at Happy, without the knowledge, acquiescence or consent of Jowell, he was released from further liability because the contract on which he could be held had been changed without his consent. Mann et al. v. Dublin Cotton Oil Co., 20 Tex. Civ. App. 678, 50 S. W. 190; Smith v. Montgomery, 3 Tex. 199.

Appellants' second assignment, in different language, as we view it, presents the same general proposition, and for the reasons given in overruling the first assignment we also overrule the second.

[2] Under appellants' third assignment, contention is made that the trial court erred in refusing to give in charge to the jury special charge No. 3, as requested by them, which is as follows: "If you find from the evidence that defendant Jowell gave a written order to plaintiffs for a car load of coal, and requested plaintiffs to deliver same to W. H. Knight, and that thereafter said Knight requested plaintiffs to change the destination of said shipment of coal, and that plaintiffs made delivery at the said new or requested destination, then you will find for plaintiffs, as hereinbefore instructed."

We think the trial court correctly refused to give this special charge, for the reason that as Jowell was a surety or guarantor he had a right to rely and insist upon his contract of surety or guarantorship being carried out strictly, and as stated in disposing of the first assignment, when appellants without Jowell's consent delivered the coal to Knight at a place other than that consented to by Jowell, as a part of his contract of suretyship, he was released from further liability on the contract.

Under appellants' fourth assignment of error, complaint is made that the trial court erred in refusing to give special charge No. 1, as requested by plaintiffs, as follows: "If you find and believe from the evidence that the defendant Gid Jowell ordered from plaintiffs a car load of coal, and instructed the plaintiffs to deliver the same to W. H. Knight and that plaintiffs did deliver the said car load of coal to W. H. Knight, then you will find that the same was delivered to the said Gid Jowell." For the reasons given in disposing of the third assignment, we also overrule the fourth.

[3] Under appellants' fifth assignment, contention is made that the trial court erred in that portion of his main charge to the jury wherein this language is used: "But if you find from the evidence that the plaintiff failed to consign said coal to the proper point of destination, as authorized by the defendant Gid Jowell, and that said coal was afterwards delivered to a common carrier, and that said common carrier carried to a destination not authorized by said Gid Jowell, and that the said Gid Jowell was thereby prevented from obtaining possession of said coal, then you will find for the defendant, Gid Jowell." We think under the entire record in this case the portion of the court's charge complained of was not open to objection and submitted to the jury a correct proposition of law, and therefore overrule this assignment.

Believing that under the record in this case appellants, by authorizing and directing the delivery of the car of coal to Knight at a place other than that authorized by Jowell, and which resulted in Jowell being deprived of any benefit from the car of coal, Jowell under his contract, in the light of the evidence, occupying the position of a surety or guarantor, was released from all further liability, and therefore, believing that a correct judgment was rendered in the case and there being no errors pointed out, the judgment of the trial court will in all things be affirmed, and it is so ordered.